RECEIVED

OCT 0 8 2009


TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE/OPELOUSAS DIVISION

| | | |
|---|---|---|
| Norsk Tillitsmann ASA | § § § | **6:09-cv-01759   LAF** |
| versus | § § | |
| Thule Drilling ASA | § | |

## VERIFIED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff, Norsk Tillitsmann ASA who, for its Verified Complaint against defendant Thule Drilling ASA ("Defendant"), *in personam*, and for the maritime attachment of property, alleges upon information and belief as follows:

1.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the Defendant's failure to repay monies owed in relation to a loan agreement obtained to finance the refurbishment of the vessel THULE PHOENIX, an offshore mobile drilling unit owned by the Defendant. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.

2.

This action is further brought pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims.

3.

At all material times, plaintiff, Norsk Tillitsmann ASA, was and still is a foreign entity duly organized and existing under the laws of Norway, with their principal place of business located in Oslo, Norway.

4.

At all material times, defendant, Thule Drilling ASA, was and still is a foreign business entity organized and existing under the laws Norway with its offices located in Oslo, Norway. Defendant does not maintain a regular place of business or a designated agent for service of process in this district.

5.

Defendant and Norsk Tillitsmann ASA entered into a loan agreement ("Loan Agreement") on January 31, 2007. The Loan Agreement required the Defendant to issue bonds to secure the loaned funds, which are identified by the International Securities Identification Numbering ("ISIN") as NO 001035307.1.

6.

The Loan Agreement was entered into to finance the refurbishment of the vessel THULE PHOENIX, a mobile offshore drilling unit.

7.

The Defendant is currently in default according to the terms of the Loan Agreement, entitling Norsk Tillitsmann ASA to attach assets of the Defendant located within this judicial district.

8.

Additionally, Norsk Tillitsmann ASA is entitled to attach funds in an amount sufficient to cover attorney's fees and costs incurred in connection with this attachment, estimated at approximately $25,000.

9.

Upon information and belief, and after investigation, the Defendant cannot be found within the District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims.

10.

Plaintiff is informed that Defendant currently owns equipment identified as leg chord and rack ("Equipment") which is presently located within the jurisdiction of this Honorable Court. More particularly, the equipment is located at a facility owned by Superior Fabricators, Inc., located at 155 Gordy Lane, Baldwin, Louisiana, 70514.

11.

The Loan Agreement contains a choice of venue provision which requires that any and all disputes that arise there under be brought before the courts of Norway.

12.

Norsk Tillitsmann ASA wishes to attach the Equipment and/or any other assets the Defendant may have in the district to obtain funds to secure any judgment rendered by the proper court in Norway in the litigation to be brought pursuant to Defendant's failure to repay the loan amounts.

13.

Finally, pursuant to local rule, it is expressly understood that plaintiff agrees to release and hold harmless and indemnify the United States of America, the United States

Marshal, their agents, servants, employees, and all others for whom they are responsible from any and all liability or responsibility for claims arising from the attachment of the Equipment.

WHEREFORE, plaintiff Norsk Tillitsmann ASA prays:

1. That process in due form of law according to the practice of this Court may issue against defendant Thule Drilling ASA citing it to appear and answer the foregoing; and

2. That, as defendant cannot be found within this District pursuant to Supplemental Rule B, then the Equipment as defined above and/or any other tangible or intangible property of Defendant be attached, including any credits, debts, or moneys being transferred to or for the benefit of the Defendants at, moving through or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein specifically for the purpose of obtaining funds to secure a judgment in legal proceedings to be brought before the courts of Norway.

3. That this Court direct the parties to proceed with dispute resolution in Norway and then retain jurisdiction pending the final outcome of that process so that any judgment or award may be recognized and confirmed as a Judgment of this Court and any such Judgment may be satisfied by the funds attached herein; and

4. For such other, further and different relief as is just and proper and/or equitable.

Respectfully submitted,

LEBLANC BLAND P.L.L.C.

_____
David S. Bland (LA Bar # 1257)
Robert P. Vining (LA Bar # 25287)
Brendhan H. Thompson (LA Bar # 31551)
LEBLANC BLAND P.L.L.C.
909 Poydras Street, Suite 1860
New Orleans, LA 70112
Telephone: (504) 528-3088
Facsimile: (504) 586-3419
dbland@leblancbland.com
rvining@leblancbland.com
bthompson@leblancbland.com

Attorneys for Norsk Tillitsmann ASA

**PLEASE ISSUE A WRIT OF ATTACHMENT
AND ATTACH THE EQUIPMENT IDENTIFIED
AS LEG CHORD AND RACK AND ANY AND ALL
OTHER PROPERTY OWNED BY THE DEFENDANT
THULE DRILLING ASA THAT IS LOCATED ON
THE PREMISES OF SUPERIOR FABRICATORS, INC.,
155 GORDY LANE, BALDWIN, LOUISIANA 70514
(337) 923-7271**

5

## VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

    **BRENDHAN H. THOMPSON**, being duly sworn, deposes and says as follows:

1. I am an attorney employed by the law firm of Leblanc Bland P.L.L.C., attorneys for Norsk Tillitsmann ASA in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The grounds of my knowledge, information and belief are communications, information and documentation provided by my client and/or representatives of my client.

3. The reason for this verification is made by an attorney and not by the plaintiff is because the plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Brendhan H. Thompson

SWORN TO AND SUBSCRIBED
BEFORE ME THIS ___ DAY OF
OCTOBER, 2009

_____
NOTARY PUBLIC

JULIE M. ARAUJO
Parish of Orleans, State of Louisiana
Bar No. 26174
My Commission for Life

## AFFIDAVIT

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

**BRENDHAN H. THOMPSON**, being duly sworn, deposes and says as follows as required by the Federal Rules of Civil Procedure Supplemental Rules for Admiralty or Maritime Claims Rule B(1)(b) and LAR 4.1A:

1. I am an attorney employed by the law firm of Leblanc Bland P.L.L.C., attorneys for Norsk Tillitsmann ASA in this action.

2. To the best of my knowledge and belief, the defendant Thule Drilling ASA cannot be found within the Middle District of Louisiana.

_____
Brendhan H. Thompson

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 7th DAY OF
OCTOBER, 2009

_____
NOTARY PUBLIC

**JULIE M. ARAUJO**
Parish of Orleans, State of Louisiana
Bar No. 26174
My Commission for Life